UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br>    Plaintiff,<br>  v.<br>SAN FRANCISCO FBI, et al.,<br>    Defendants. | Case No. 23-cv-01041 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against an agent of the FBI, a deputy district attorney for Contra Costa County, deputies of the Contra Costa County Sheriff's Department, and medical staff at the Martinez Detention Facility. Dkt. No. 1 at 2. Plaintiff's motion to proceed in forma pauperis will be addressed in a separate order. Dkt. No. 2.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff names the following as Defendants in this action: (1) an unknown FBI Special Agent "in charge"; (2) Deputy District Attorney Kabu Adodojaji, of the District Attorney's Office for Contra Costa County; (3) Sgt. Williams of the Contra Costa County Sheriff's Department ("Sheriff's Office"); (4) Deputies Inglestate, Rector, Oathuh, and Hughes of the Sheriff's Office; (5) Nurses Jennifer Gonzaga and Mary Bolds of the Martinez Detention Facility ("MDF"); and (6) Drs. Jessica Hamilton and Elizabeth Berryman, MDF.  Dkt. No. 1 at 2.

Plaintiff presents several claims based on separate events or series of events: (1) his arrest on June 18, 2015, on a "cancelled warrant" dating back to 2009, which was falsified by Deputy DA Kabu Adodajaji, Dkt. No. 1 at 3; (2) conspiracy by all named Defendants to "use [Plaintiff's] identity with the help of family members to purchase numerous properties up & down California," id.; (3) Plaintiff was given wrong medication by Nurses Gonzaga and Bolds during November 2017, as attempts against his life, id. at 5; (4) various threats were made against Plaintiff during September 2017, by Deputies Rector, Hughes, and Oathuh, to prevent Plaintiff from getting possession of his inheritance, id. at 5-6; (5) embezzlement of his funds by the FBI field office supervisor who was in charge, id. at 6; (6) threats by Deputy Inglestate on July 25, 2018, id.; (7) failure to treat Plaintiff's STDs and falsifying medical records by Drs. Hamilton and Berryman in December 2016, id. at 6-7; and (8) failure to provide treatment for his diabetes, id. at 7.  Plaintiff seeks injunctive relief and damages.  Id. at 3-4.

There are several problems with the complaint which are discussed below.

**1. Heck Bar**

Firstly, Plaintiff's allegation that he was arrested on a "cancelled" and "false" warrant implicates the validity of arrest and therefore, the subsequent conviction and sentence. In this action, he seeks damages at least in part based on this unlawful arrest.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487. When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. If success in the § 1983 suit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 suit is barred no matter the relief sought (damages or equitable relief) and no matter the target of the suit (conduct leading to conviction or internal prison proceedings). Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)

The complaint shall be dismissed with leave to amend for Plaintiff to allege sufficient facts to show that the unlawfulness of the arrest he is challenging in this action would not render his conviction or sentence invalid. He may do so by proving that the conviction or sentence has already been invalidated. If he is unable to do so, he may not challenge the arrest in the amended complaint as it is barred by Heck.

**2. Cognizable Claims**

The complaint is also deficient because some of the allegations, liberally construed, fail to state a claim under § 1983.

3

Plaintiff asserts that the Defendants are joined by a conspiracy to embezzle his inheritance. However, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. Lacey v. Maricopa County, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. Woodrum v. Woodword County, 866 F.2d 1121, 1126 (9th Cir. 1989). Furthermore, plaintiff must allege that a constitutional right was violated – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. Id.

Liberally construed, the embezzlement of Plaintiff's inheritance at best may implicate the Fourth Amendment's prohibition against unlawful seizure of property. However, there are insufficient facts explaining how Plaintiff's property was taken from him to determine whether the Fourth Amendment was violated. Furthermore, even if the property was seized pursuant to a warrant, Plaintiff may still not be able to state a claim because there is no clearly established law as to whether or not officers violate the Fourth or Fourteenth Amendment when they steal property covered by the terms of a warrant and seized pursuant to that warrant. Jessop v. City of Fresno, 918 F.3d 1031, 1033-34 (9th Cir. 2019), amended, 936 F.3d 937, 939 (9th Cir. 2019) (reaching the same holding, but noting that a petition for rehearing en banc remains pending).

Moreover, it is not clear whether Defendants were acting under color of state law when they allegedly embezzled from Plaintiff. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, 487 U.S. at 49 (citation and internal quotation marks omitted). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997); Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir. 1991). But a public official's actions are not taken under color of state law if they are not in any way related to the performance of his duties as a public official. See id. The private actions of

a public official are not, simply by virtue of the official's governmental employ, accomplished under the color of state law.  See Johnson, 113 F.3d at 1117-18.  Accordingly, if Defendants were acting privately, Plaintiff cannot state a cognizable claim against them under § 1983.

With regard to Plaintiff's allegations that he received deficient medical at MDF, he may be able to state a claim under either the Eighth Amendment (for inmates) or Fourteenth Amendment, (for pretrial detainee), depending on Plaintiff's status.  See, e.g., Helling v. McKinney, 509 U.S. 25, 31 (1993) (treatment convicted prisoner receives in prison and conditions under which he is confined subject to scrutiny under the Eighth Amendment); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment); cf. United States v. Salerno, 481 U.S. 739, 746-47 (1987) (Due Process Clause of Fourteenth Amendment pretrial detainee from conditions that amount to punishment).  However, the allegations in the complaint are still insufficient to state a cognizable claim under either amendment.

First of all, Plaintiff fails to explain his serious medical needs.  He states that he was provided the wrong medication but fails to explain how that impacted his medical condition.  He also fails to explain what STDs needed treatment and how the falsification of his medical records and failure to treat his diabetes resulted in harm.

Plaintiff's allegations are also insufficient because he fails to describe Defendants' subjective awareness of the serious risk of harm to Plaintiff and their failure to abate that risk.  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin v. Smith, 974 F.2d 1050,

1060 )9th Cir. 1992) overruled in part on other grounds by WMX Technologist, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Plaintiff shall be granted leave to amend to attempt to correct the deficiencies described above and state cognizable claims against Defendants.

### 3. Timeliness

Even if Plaintiff were able to state sufficient facts to state a cognizable claim under § 1983, it appears that almost all the claims may be time-barred.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985), superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 377-78 (2004); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (articulating uniform rule of Wilson's retroactive effect). In the event the state has multiple statutes of limitations for different torts, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also Silva, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. Wallace v. Kato, 549 U.S. 384, 388 (2007); Belanus v. Clark, 796 F.3d 1021, 1025 (9th Cir. 2015); Elliott, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to

know of the injury which is the basis of the action. See TwoRivers, 174 F.3d at 991-92; Elliott, 25 F.3d at 802. "A cause of action accrues 'even if the full extent of the injury is not then known.'" Gregg v. State of Hawaii DPS, 870 F.3d 883, 887 (9th Cir. 2017) (quoting Wallace, 549 U.S. at 391)). Accrual starts when the plaintiff can know that the injury was caused by defendants' actions. Id. at 889 (finding accrual when plaintiff knew, or could know through reasonable diligence, that her emotional discomfort was caused by defendant's improper conduct in therapy).

The statute of limitations is an affirmative defense that may not be raised by the court sua sponte. See Krug v. Imbordino, 896 F.2d 395, 396 (9th Cir. 1990); see also Elliott, 25 F.3d at 801 n.1. But it may be grounds for sua sponte dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records. See Franklin v. Murphy, 745 F.2d 1221, 1228-30 (9th Cir. 1984).

The latest date that an allegation in the complaint occurred was July 25, 2018, when Deputy Inglestate made threats against Plaintiff. Dkt. No. 1 at 6. Plaintiff filed this action on March 8, 2023, which was more than four years after July 25, 2018. Dkt. No. 1. Plaintiff's allegations also indicate that he knew or had reason to know of the injury, i.e., the conspiracy to embezzle his inheritance, at least around the time the threats were made against him by the various Deputies during September 2017. Id. at 5. Plaintiff also knew or had reason to know of the injuries regarding his medical treatment at the time of the occurrence, i.e., in November 2017 and December 2016. Id. Accordingly, the Court finds that this action is subject to dismissal as untimely because the defense is complete and obvious from the face of the pleadings. See Franklin, 745 F.2d at 1228-30. However, before dismissing the action, the Court will give the Plaintiff an opportunity to allege facts defeating the statute-of-limitations defense. See Sharkey v. O'Neal, 778 F.3d 767, 768 (9th Cir. 2015).

Plaintiff is advised that if he is unable to overcome the timeliness bar, all the claims, even if cognizable, must be dismissed.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-01041 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** August 17, 2023

EDWARD J. DAVILA
United States District Judge