UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br>　　　　Plaintiff,<br>　　v.<br>SAN FRANCISCO FBI, et al.,<br>　　　　Defendants. | Case No. 23-cv-01041 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against an agent of the FBI, a deputy district attorney for Contra Costa County, deputies of the Contra Costa County Sheriff's Department, and medical staff at the Martinez Detention Facility. Dkt. No. 1 at 2. The Court dismissed the complaint with leave to amend for Plaintiff to attempt to correct numerous deficiencies and issues, including the bar against damage claims for an unconstitutional conviction under Heck v. Humphrey, 512 U.S. 477 (1994), the seizure of property, inadequate medical care, and timeliness. Dkt. No. 4. Plaintiff filed an amended complaint. Dkt. No. 6.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff names only two Defendants in the amended complaint: (1) an unknown FBI Special Agent; and (2) Deputy District Attorney Kabu Adodojaji, of the District Attorney's Office for Contra Costa County.  Dkt. No. 6 at 2.

Plaintiff alleges that he was arrested on June 18, 2015, and placed in Contra Costa County Martinez Detention Facility.  Id. at 2.  He was threatened by a number of deputies to enter a plea deal for which he is currently serving time.  Id. at 3.  He claims he was denied medical care for chlamydia and gonorrhea.  Id.  He was also subjected to unreasonable moves, including to ad-seg where he was left "for long periods of time."  Id.  He also claims that numerous deputies, nurses and the DA used his identity and fraudulently activated credit cards to purchase numerous properties and vehicles.  Id.  Plaintiff states that he wrote several letters to the FBI Field Office from 2018 to 2023, explaining the identity theft by County employees, but the FBI special agent refused to investigate the fraud.  Id.  Plaintiff also claims that medical staff have made numerous attempts on his life by refusing his treatment for his diabetes.  Id. at 3-4.  He claims the FBI has refused to respond to his numerous letters and investigate the crimes he reported, in violation of his right to equal protection.  Id. at 4.  He also claims that funds from his inmate account have been stolen.  Id.  Plaintiff also alleges that there were issues with his criminal case, including "hidden" evidence, in violation of due process.  Id.  He seeks damages, to be released "from any provision or supervised release," and that his federal and state arrest records be expunged.  Id. at 3.

The amended complaint fails to correct the deficiencies from the original complaint nor does it address the several issues discussed in the Court's initial review. First of all, Plaintiff does not state whether the conviction or sentence he is challenging was already invalidated such that a claim for damages is not barred under Heck. The fact that Plaintiff seeks his arrest records to be expunged clearly indicates that this is not the case. Dkt. No. 4 at 3.

With regard to identity theft, Plaintiff was advised that Defendants had to be acting under color of state law when they allegedly stole from him in order for him to state a claim under § 1983. The private actions of a public official are not, simply by virtue of the official's governmental employ, accomplished under the color of state law. Johnson v. Knowles, 113 F.3d 1114, 1117-18 (9th Cir. 1997). Plaintiff has failed to allege sufficient facts to correct the deficiency of this claim. Dkt. No. 4 at 4-5.

Plaintiff's claim regarding deficient medical care is also deficient. Although he has explained his medical needs, he still fails to describe each Defendant's subjective awareness of the serious risk of harm to Plaintiff and their failure to abate that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In the amended complaint, Plaintiff names only an unknown FBI agent and the DA, neither of whom are involved with his medical care at the prison. Accordingly, Plaintiff has failed to correct the deficiency of this claim. Dkt. No. 4 at 5-6.

Lastly, Plaintiff was advised that it appeared that almost all the claims may be time-barred based on the dates of the alleged events. Dkt. No. 4 at 6-7. The Court gave Plaintiff an opportunity to allege facts addressing a potential statute-of-limitations defense. See Sharkey v. O'Neal, 778 F.3d 767, 768 (9th Cir. 2015). He has failed to do so in the amended complaint.

Because Plaintiff was already afforded an opportunity to amend, the Court finds no good cause to grant him another opportunity where the deficiencies from the prior complaint remain the same. Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff

3

has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, this action must be dismissed for failure to state a claim for relief.

## CONCLUSION

For the foregoing reasons, the action is **DISMISSED** for failure to state a claim for relief.  The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: March 29, 2024

EDWARD J. DAVILA
United States District Judge